**Veena OBEROI, Petitioner,**

v.

**The BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–6413–ag.

United States Court of Appeals, Second Circuit.

Aug. 8, 2007.

Hector M. Roman, Roman & Singh LLP, Jackson Heights, NY, for Petitioner.

Matthew H. Mead, United States Attorney for the District of Wyoming, Carol A. Statkus, Assistant United Sates Attorney, Cheyenne, WY, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. REENA RAGGI, Circuit Judges.

*SUMMARY ORDER*

Petitioner Veena Oberoi, a native and citizen of India, seeks review of the November 3, 2005 order of the BIA affirming Immigration Judge ("IJ") William Van Wyke's July 28, 2005 decision denying her motion to reopen. *In re Veena Oberoi,* No. A75 562 509 (B.I.A. Nov. 3, 2005), *aff'g* No. A75 562 509 (Immig. Ct. N.Y. City July 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

In this case, the IJ denied Oberoi's second motion to reopen because it was filed nearly six years after the IJ denied her first motion to reopen as untimely, and she failed either to explain why that motion was untimely, or to demonstrate changed country conditions in India. The IJ emphasized that this latter finding was dispositive, because an alien can prevail on a time-barred motion to reopen only upon a showing of changed circumstances arising in the country of removal. *See* 8 C.F.R. § 1003.23(b)(4)(i). However, Oberoi failed to challenge this finding on appeal to the BIA, and we do not normally consider unexhausted issues. *See Lin Zhong v. United States Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Because she failed to challenge this dispositive finding, the agency's decision denying her motion to reopen must stand, and we need not address the additional arguments presented in Oberoi's brief. *See Steevenez v. Gonzales,* 476 F.3d 114, 117–18 (2d Cir.2007). Moreover, because we do not reach these arguments, which rely, to some extent, on submissions that are not included in the administrative record, *cf.* 8 U.S.C. § 1252(b)(4)(A), we dismiss the government's motion to strike these submissions as moot.

For the foregoing reasons, the petition for review is DENIED, and the government's motion to strike is DISMISSED as moot. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).